United States District Court
Southern District of Texas
**ENTERED**
May 08, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEMETRIC SMITH, (TDCJ-CID #2229675) Plaintiff, | § § § § | |
| vs. | § | CIVIL ACTION H-20-1075 |
| ROCKY MOORE, et al., Defendants. | § § § § § | |

**MEMORANDUM ON DISMISSAL**

Demetric Smith, a Texas Department of Criminal Justice inmate, sued in March 2020, alleging civil rights violations resulting from a failure to protect and use of excessive force. Smith, proceeding pro se and in forma pauperis, sues Rocky Moore and seven other prison officials at the Wynne Unit.

The threshold issue is whether Smith's claims should be dismissed as barred by the three-strikes provision of 28 U.S.C. § 1915(g).

**I.      Plaintiff's Allegations**

Smith asserts that when he arrived at the Wynne Unit, he had a cast on his lower right leg, and he was using crutches. Smith asserts that on August 29, 2019, Officer Gartica ordered Smith to climb up the stairs to his cell on the third floor. Smith asserts that Officer Gartica threatened to use force against Smith if he did not comply. On September 9, 2019, Smith fell down the stairs. As a result, Smith hurt his back and hand, and reinjured his right leg. On September 10, 2019, he again fell down the stairs while being escorted to the infirmary. Smith asserts that on March 18, Dr. Robin

Rothrock refused to issue a shower pass, which would have allowed him to avoid the stairs. Dr. Rothrock further instructed Smith on the proper way to walk down the stairs using his crutches and medical boot. Smith states he fell down the stairs again on March 18, 2020. He further asserts that prison officials used excessive force against him on March 19, 2020 after he fell down the stairs again. Smith seeks compensatory damages of $275,000.00 and punitive damages of $200,000.00. He further seeks an injunction prohibiting prison officials from forcing Smith to use the stairs.

## II.     Analysis

A prisoner is not allowed to bring a civil action in forma pauperis in federal court if, while incarcerated, three or more of his civil actions or appeals were dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

Smith's litigation history reveals that he has previously submitted abusive and scurrilous filings in federal court.  Prior to filing this action, he had at least three suits dismissed as frivolous. *Smith v. Hair,* 6:15cv0126 (dismissed as frivolous on August 2, 2016)(W.D. Tex.); *Smith v. Jenkins,* 6:15cv0125 (dismissed for failure to state a claim on March 30, 2016)(W.D. Tex.); and *Smith v. Lange,* 6:15cv0292 (dismissed for failure to state a claim on March 29, 2016)(W.D. Tex.).

Smith complains that he was denied a shower pass.  As a result, Smith has fallen down the stairs multiple times because of his difficulty using crutches on the stairs.  Liberally construed, Smith argues that he is in imminent danger of serious physical injury. However, his disagreements with the medical care he is receiving are insufficient to show that he was in imminent danger when he filed his complaint or IFP motion. *See Baños v. O'Guin*, 144 F.3d 883, 884-85 (5th Cir. 1998).  In the present case, Smith has not alleged, nor does his complaint demonstrate, that he is in imminent

danger of serious physical injury. Accordingly, Smith is barred under 28 U.S.C. § 1915(g) from proceeding in forma pauperis in this action.

**III.    Conclusion**

Smith's motion to proceed as a pauper, (Docket Entry No. 3), is DENIED. The complaint filed by Demetric Smith, (TDCJ-CID #2229675), is DISMISSED under 28 U.S.C. § 1915(g).[1] Smith's motion for the appointment of counsel, (Docket Entry No. 5), is DENIED as moot. All pending motions are DENIED. Smith is warned that continued frivolous filings may result in the imposition of sanctions.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1)    the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711, Fax: 512-936-2159;

(2)    the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax:

---

[1] In *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1998), the Fifth Circuit barred an inmate from proceeding further under the statute, except for cases involving an imminent danger of serious physical injury, and dismissed all of Adepegba's i.f.p. appeals pending in that court. The Fifth Circuit noted that the inmate could resume any claims dismissed under section 1915(g), if he decided to pursue them, under the fee provisions of 28 U.S.C. §§ 1911-14 applicable to everyone else.

O:\RAO\VDG\2020\20-1075.a03.wpd            3

936-437-4793; and

      (3)    the Manager of the Three-Strikes List for the Southern District of Texas at: Three_Strikes@txs.uscourts.gov.

      SIGNED at Houston, Texas, on \_\_\_\_May 8\_\_\_\_, 2020.

                                     /s/ Vanessa D. Gilmore
                                **VANESSA D. GILMORE**
                                **UNITED STATES DISTRICT JUDGE**